**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:15-CV-057-RLV-DCK**

| | | |
|---|---|---|
| ROMONA WINEBARGER, and<br>REX WINEBARGER | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BOSTON SCIENTIFIC<br>CORPORATION, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Winebarger Plaintiffs Motion To Quash Third Party Subpoena" (Document No. 172). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

**DISCUSSION**

Ramona Winebarger and Rex Winebarger (the "Winebarger Plaintiffs") filed the instant motion on August 14, 2015, requesting that the Court quash a "Subpoena To Produce Documents…" (Document No. 172-5, pp.6-8) served on Romona Winebarger's former employer McLeod Addictive Disease Center ("McLeod"). (Document No. 172). The "Subpoena…" commands that McLeod produce all of Romona Winebarger's employment records on September 11, 2015. (Document No. 172-5, p.6).

The Winebarger Plaintiffs contend that the "Subpoena…" is untimely because fact discovery in this case closed on January 5, 2015. Id. see also (Document No. 20). The Winebarger Plaintiffs note that Defendant Boston Scientific Corporation ("Defendant") has long known that Romona Winebarger was employed by McLeod, but waited until June 2015 to begin attempting to collect records. (Document No. 172, p.3). They further note that under similar facts this Court has quashed third party subpoenas that fell outside the discovery period. Id. (citing Karagiannopoulos v. City of Lowell, 3:05-CV-401-FDW-DCK, 2008 WL 948261 (W.D.N.C. Apr. 2, 2008) and Mortgage Information Systems, Inc. v. Kitchens, 3:01-CV-106, 210 F.R.D. 562 (W.D.N.C. May 15, 2002)).

Defendant's "…Memorandum Of Law In Opposition…" (Document No. 176) was filed on August 20, 2015. Defendant asserts two primary arguments: (1) the discovery sought is "manifestly relevant to the substantive claims and defenses in this litigation;" and (2) the "subpoena requests records that Romona Winebarger previously identified and authorized for release." (Document No. 176, p.2).

Defendant acknowledges that fact discovery closed on January 5, 2015, but asserts that it has sought and received Mrs. Winebarger's employment records from four other employers since May 2015, without objection from the Winebarger Plaintiffs. (Document No. 176, p.4). Defendant contends that McLeod is the only employer to refuse to produce records without a subpoena. (Document No. 176, p.5). However, Defendant notes that McLeod, the recipient of the subpoena, has not asked the Court to quash or modify the subpoena. Id.

The Winebarger Plaintiffs have failed to file a reply brief, or notice of intent not to file a reply, as required by Local Rule 7.1 (E).

The undersigned first notes that the rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Rule 26 of the Federal Rules of Civil Procedure further provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

The Winebarger Plaintiffs have not argued that the requested discovery is irrelevant; nor have they (or McLeod) argued that the subpoena fails to allow reasonable time for compliance, requires disclosure of privileged or protected matter, or subjects anyone to undue burden or expense. See Fed.R.Civ.P. 45(d). Moreover, the Winebarger Plaintiffs have failed to describe any prejudice they will suffer if McLeod's production is allowed. In fact, the Winebarger Plaintiffs have declined the opportunity to reply, and thus rebut, any of Defendant's arguments.

As reflected by the caselaw cited in the motion to quash, this Court generally disapproves of untimely discovery requests. However, after weighing all the circumstances of this case the undersigned finds that the motion to quash should be denied.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Winebarger Plaintiffs Motion To Quash Third Party Subpoena" (Document No. 172) is **DENIED**.

Signed: September 8, 2015

David C. Keesler
United States Magistrate Judge